```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA                                          :
                                                                  :
                -v-                                               :   21-CR-747 (JMF)
                                                                  :
ANTONIO REYES,                                                    :   MEMORANDUM OPINION
                                                                  :          AND ORDER
                        Defendant.                                :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Defendant filed a motion, a copy of which is attached, requesting the appointment of counsel for purposes of applying, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction of his sentence in light of Amendment 821 to the United States Sentencing Guidelines, which went into effect on November 1, 2023, and applies retroactively.

"In determining whether, and to what extent, a reduction in the defendant's term of imprisonment . . . is warranted" pursuant to Amendment 821, the Court must first "determine the amended guideline range that would have been applicable to the defendant if" the Amendment "had been in effect at the time the defendant was sentenced." U.S.S.G. § 1.10(b)(1). U.S.S.G. § 1B1.10(b)(2)(A) then provides that, with an exception not relevant here, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." Thus, if a defendant was originally sentenced to a term of imprisonment that falls below the low end of the Guideline range, as amended, the defendant is ineligible for a reduction under Section 3582(c)(2). *See, e.g.*, *United States v. Young*, 998 F.3d 43, 46 n.1 (2d Cir. 2021).

In light of the foregoing, Defendant is ineligible for a reduction in his sentence.  At sentencing, Defendants' offense level was 21 and his Criminal History Category was IV, yielding a Guidelines range of 57 to 71 months' imprisonment.  *See* ECF No. 49, at 17.  Had Amendment 821 been in effect, Defendants' Criminal History Category would have been III (because he would not have received "status points" pursuant to U.S.S.G. § 4A1.1(e)) and his Guidelines range would have been 46 to 57 months' imprisonment.  *See* U.S.S.G. Ch. 5, Pt. A. His sentence of 36 months' imprisonment, however, fell below the low end of that range.

Because Defendant is ineligible for a sentencing reduction, there is no reason to appoint counsel.  Accordingly, his motion is DENIED.  The Clerk of Court is directed to mail a copy of this Memorandum Opinion and Order to:

> Antonio Reyes
> Reg. No. 77382-054
> FCI Schuykill
> P.O. Box 759
> Minersville, PA 17954-0759

SO ORDERED.

Dated: November 2, 2023
New York, New York

_____
JESSE M. FURMAN
United States District Judge